042341/19344/TPD/MDH

U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS, EAST ST. LOUIS DIVISION

DALLAS MCINTOSH, #B85114,

        Plaintiff,

v.

WEXFORD HEALTH SOURCES, INC.,
NANCY KEEN, BARBARA RODRIQUEZ,
ST. CLAIR COUNTY, RICHARD WATSON,
PHILLIP MCLAURIN,

        Defendants.

Case Number  3:17-cv-00103-JPG-DGW

Judge J. Phil Gilbert

Magistrate Judge Donald G. Wilkerson

## MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

COMES NOW Defendant, Nancy Keen, LPN, by and through her attorneys, Cassiday Schade LLP, and for her Motion for Summary Judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, states as follows:

1.      Plaintiff, Dallas McIntosh, #B85114, an inmate with the Illinois Department of Corrections ("IDOC"), currently incarcerated at Menard Correctional Center, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 against defendants alleging various deprivations of his constitutional rights while previously detained at the St. Clair County Jail. [Doc. 1]. Plaintiff alleges Nancy Keen, LPN was deliberately indifferent by failing to protect Plaintiff from attempting to commit suicide and also from becoming addicted to non-prescribed prescription medication. [*Id.; See also* Doc. 9, p. 7].

2.      The Prison Litigation Reform Act, 42 U.S.C. §1997e(a), provides in pertinent part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." See also *Pavey v.*

*Conley*, 544 F.3d 739, 740 (7th Cir. 2008). The Seventh Circuit has also applied the exhaustion requirements of 42 U.S.C. § 1997e(a) to detainees. *Pozo v. McCaughtry*, et al., 286 F.3d 1022, 1023-24 (7th Cir. 2002).

3.      Exhaustion of administrative remedies is a condition precedent to filing suit. *Perez v. Wisconsin Dep't. of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).

4.      A plaintiff's suit must be dismissed if administrative remedies are not fully and properly exhausted.  *Woodford v. Ngo*, 126 S.Ct. 2378, 2383 (2006) (holding that prisoner cannot satisfy exhaustion requirement by filing untimely or otherwise procedurally defective grievances).

5.      The Seventh Circuit has made it clear that "a prisoner who does not take every step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by 1997e(a)." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002).

6.      In this matter, Plaintiff has failed to exhaust his administrative remedies with respect to Defendant Nancy Keen, LPN as required under the Prison Litigation Reform Act, 42 U.S.C. §1997 *et seq*.

7.      In support of her Motion for Summary Judgment for Failure to Exhaust Administrative Remedies, Defendant Nancy Keen, LPN files concurrently her Memorandum of Law in Support of her Motion for Summary Judgment. It is incorporated herein by reference.

WHEREFORE, Defendant Nancy Keen, LPN prays that Plaintiff's claim be dismissed for failure to exhaust administrative remedies; that summary judgment be entered her favor; and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

CASSIDAY SCHADE LLP

By:   /s/ Maxwell D. Huber
     One of the Attorneys for Defendant, NANCY
     KEEN, LPN

Maxwell D. Huber
ARDC No. 6315427
CASSIDAY SCHADE LLP
100 North Broadway, Suite 1580
St. Louis, MO 63102
(314) 241-1377
(314) 241-1320 (Fax)
mhuber@cassiday.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2017, I electronically filed the foregoing Motion

with the Clerk of the Court using the CM/ECF system.  The electronic case filing system sent a

"Notice of E-Filing" to the following:

ATTORNEY FOR DEFENDANTS ST. CLAIR COUNTY, RICHARD WATSON, and
PHILLIP MCLAURIN:
Katherine A. Melzer, Esq.
Becker, Hoerner, Thompson & Ysursa, P.C.
5111 West Main Street
Belleville IL 62226
kap@bhtylaw.com

ATTORNEYS FOR DEFENDANTS, WEXFORD HEALTH SOURCES, INC. and BARBARA
RODRIGUEZ:
Rodney Sharp
Kathryn Huelsebusch
Sandberg Phoenix
600 Washington Avenue, 15th Floor
St. Louis MO 63101
rsharp@sandbergphoenix.com
khuelsbursch@sandbergphoenix.com


and I hereby certify that a true and correct copy of the foregoing Motion was served via

regular mail to the following non-CM-ECF participant at the following address by depositing the

same in the U.S. mail located in St. Louis, Missouri, with proper postage prepaid, before the hour

of 5:00 p.m., on November 21, 2017.  Under penalties as provided by law pursuant to 735 ILCS

5/1-109, I certify that the statements set forth herein are true and correct:

Dallas McIntosh, #B85114
Menard Correctional Center
711 Kaskaskia Street
P.O. Box 1000
Menard IL 62259


/s/ Maxwell D. Huber

8710958 MHUBER;MHUBER