042341/19344/TPD/MDH

U.S. DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ILLINOIS, EAST ST. LOUIS DIVISION

| | |
|---|---|
| DALLAS MCINTOSH, #B85114, | |
| Plaintiff, | |
| v. | Case Number 3:17-cv-00103-JPG-DGW |
| WEXFORD HEALTH SOURCES, INC., NANCY KEEN, BARBARA RODRIQUEZ, ST. CLAIR COUNTY, RICHARD WATSON, PHILLIP MCLAURIN, | Judge J. Phil Gilbert |
| | Magistrate Judge Donald G. Wilkerson |
| Defendants. | |

**FEDERAL RULE OF CIVIL PROCEDURE 56 NOTICE OF MOTION**

Defendant Nancy Keen, LPN in this matter has filed a Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(a) in which she argues she is entitled to judgment as a matter of law on all of Plaintiff's claims.

As a *pro se* litigant, a person who is not represented by counsel in this matter, plaintiff is entitled to notice of the consequences of failing to respond to the Motion for Summary Judgment. *Timms v. Frank*, 953 F.2d 281 (7th Cir. 1992); *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). Federal Rule of Civil Procedure 56 provides, in relevant part:

> **(a)** **Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense – or part of each claim or defense – on which the summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.
>
> *\*\*\**
>
> **(c)** **Procedures.**
>
> > **(1)** *Supporting Factual Positions.* A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

    **(A)** citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

    **(B)** showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

  **(2)** ***Objection That a Fact Is Not Supported by Admissible Evidence.*** A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

  **(3)** ***Materials Not Cited.*** The court need only consider the cited materials, but it may consider other materials in the record.

  **(4)** ***Affidavits or Declarations.*** An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

***

**(e)** **Failing to Properly Support or Address a Fact.** If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

  **(1)** give an opportunity to properly support or address the fact;

  **(2)** consider the fact undisputed for purposes of the motion;

  **(3)** grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or

  **(4)** issue any other appropriate order.

This Rule provides that any factual assertion or statement made in the movant's affidavits and/or other documentary evidence may be taken as true by the Court *unless* the non-movant contradicts the movant with counter-affidavits and/or other documentary evidence. Plaintiff may not rely on the allegations in the pleadings to support his claim: you must show by affidavit or

other documentary evidence that there is a genuine dispute as to a material fact. If you do not respond to the Motion for Summary Judgment with affidavits or other documentary evidence, the Court may grant judgment on one or more of your claims to the Defendant(s) and this matter may be terminated.

The Local Rules of this District provide that you have thirty (30) days from service of the Motion for Summary Judgment to file a response. SDIL-LR 7.1(c)(1). The failure to file a response within the deadline "may, in the Court's discretion, be considered an admission of the merits of the motion." *Id.* at 7.1(c).

Respectfully submitted,

CASSIDAY SCHADE LLP

By: /s/ Maxwell D. Huber
One of the Attorneys for Defendant, NANCY KEEN, LPN

Maxwell D. Huber
ARDC No. 6315427
CASSIDAY SCHADE LLP
100 North Broadway, Suite 1580
St. Louis, MO 63102
(314) 241-1377
(314) 241-1320 (Fax)
mhuber@cassiday.com

## **CERTIFICATE OF SERVICE**

   I hereby certify that on November 21, 2017, I electronically filed the foregoing Federal Rule of Civil Procedure 56 Notice of Motion with the Clerk of the Court using the CM/ECF system. The electronic case filing system sent a "Notice of E-Filing" to the following:

ATTORNEY FOR DEFENDANTS ST. CLAIR COUNTY, RICHARD WATSON, and PHILLIP MCLAURIN:
Katherine A. Melzer, Esq.
Becker, Hoerner, Thompson & Ysursa, P.C.
5111 West Main Street
Belleville IL 62226
kap@bhtylaw.com

ATTORNEYS FOR DEFENDANTS, WEXFORD HEALTH SOURCES, INC. and BARBARA RODRIGUEZ:
Rodney Sharp
Kathryn Huelsebusch
Sandberg Phoenix
600 Washington Avenue, 15th Floor
St. Louis MO 63101
rsharp@sandbergphoenix.com
khuelsbursch@sandbergphoenix.com

   and I hereby certify that a true and correct copy of the foregoing Federal Rule of Civil Procedure 56 Notice of Motion was served via regular mail to the following non-CM-ECF participant at the following address by depositing the same in the U.S. mail located in St. Louis, Missouri, with proper postage prepaid, before the hour of 5:00 p.m., on November 21, 2017. Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct:

Dallas McIntosh, #B85114
Menard Correctional Center
711 Kaskaskia Street
P.O. Box 1000
Menard IL 62259

                     /s/ Maxwell D. Huber

8711316 MHUBER;MHUBER