IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DALLAS McINTOSH, #B85114. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Cause No. 3:17-cv-103-JPG-DGW |
| WEXFORD HEALTH SOURCES, INC., ) | |
| NANCY KEEN, BARBARA RODRIGUEZ, ) | |
| ST. CLAIR COUNTY, RICHARD WATSON, ) | |
| and PHILIP McLAURIN, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

COME NOW defendants Wexford Health Sources, Inc. and Barbara Rodriguez, by and through their counsel, Sandberg Phoenix & von Gontard PC, and for their Memorandum in Support of Their Motion for Summary Judgment for Failure to Exhaust Administrative Remedies state as follows:

**INTRODUCTION**

Plaintiff filed this 42 U.S.C. Section 1982 action on February 2, 2017. [Doc. 1] Plaintiff was incarcerated at St. Clair County Jail at all times relevant to this case. Plaintiff alleges defendants Wexford Health Sources, Inc. and Barbara Rodriguez were deliberately indifferent by failing to prevent him from attempting to commit suicide. No suit may be brought by an inmate pursuant to 42 U.S.C. Section 1983 and related to prison conditions unless he first exhausts his administrative remedies. 42 U.S.C. Section 1987e(a). Plaintiff failed to exhaust his administrative remedies against Wexford Health Sources, Inc. and Barbara Rodriguez and therefore, his Complaint should be dismissed.

1

## UNDISPUTED MATERIAL FACTS

1. Plaintiff was incarcerated at St. Clair County Jail from October 10, 2012 to January 30, 2015. [Doc. 1]

2. St. Clair County Jail had a grievance policy and procedure in place during 2012, 2013, and 2014 which were the years plaintiff was incarcerated at the jail. [Doc. 62-1, 62-2, 62-3]

3. Plaintiff was transferred from St. Clair County Jail to Menard Correctional Center on January 30, 2015 and resides at Menard currently. [Doc. 1]

4. Plaintiff filed this Complaint on February 2, 2017. [Doc. 1]

5. In the Complaint, plaintiff alleges Wexford Health Sources, Inc. and Barbara Rodriguez were deliberately indifferent to his suicidal mental condition.

6. Wexford Health Sources, Inc. provides health care services to the detainees at the St. Clair County Jail.

7. Barbara Rodriguez was employed by Wexford Health Sources, Inc. as a Licensed Practice Nurse at the St. Clair County Jail at all times relevant to the allegations in plaintiff's Complaint.

8. A suicide note was found with plaintiff's possessions on February 8, 2013. [Doc. 1, 6]

9. Plaintiff claims that following the discovery of said suicide note defendant Nancy Keen began providing him illicit prescription medication until August 4, 2013 when said medication was discovered with his possessions. [Doc. 1, p. 7, 9, 10]

10. Plaintiff alleges that defendants Nancy Keen and Barbara Rodriguez were deliberately indifferent because they did not perform suicide screening at that time. [Doc. 1, p. 10]

11. Plaintiff claims that as a result of this deliberate indifference, he attempted suicide. [Doc. 1, p. 11]

12. St. Clair County Jail had a written grievance procedure in its Detainee Rules and Regulations in 2012, 2013, and 2014 which states as follows:

### Grievance Procedure

> Step 1. A grieving detainee shall within 24 hrs. after he/she learns of circumstances or conditions which prompted the grievance, submit the grievance to the shift supervisor, in writing, informing him/her of the grievance and the particulars concerning it. The immediate supervisor shall provide a written response to the grieving detainee within 3 days after receiving the grievance.
>
> Step 2. If the grievance is not resolved to the detainee's satisfaction, the detainee may submit the grievance in writing within forty eight (48) hours through the on shift supervisor. The grievance must be submitted to the Jail Superintendent within 3 days (not including weekends and holidays) of the decision of the Assistant Superintendent. The Jail Superintendent will review the response(s) and approve/disapprove them; if he disapproves them, he will take the necessary action to revise the previous response(s) according to the St. Clair County Jail Policies and Procedure Manual or to his professional opinion in a fair and impartial manner and return to the detainee within three (3) duty days. This shall constitute the final resolution of the grievance. NOTE: Detainee Grievance Forms can be obtained from any supervisor or correctional officer. The Dress-Out Officer is responsible for briefing the grievance procedure to detainees prior to them being assigned to their respective housing units. **A Captains request must be submitted prior to the grievance procedure.** If no response is received within 15 calendar days, then the jail Superintendent needs to be notified.

[Doc. 62-1, 62-2, 62-3 (emphasis in the original)]

9248758.1

13. Plaintiff filed five Captains Requests during his time at St. Clair County Jail as follows:

    a. January 26, 2015 – plaintiff's Captains Request grieves issues regarding the price of food items from the jail commissary. [Doc. 62-4, p. 13-16] Plaintiff made no reference in this grievance to Wexford Health Sources, Inc., Barbara Rodriguez, being prevented from attempting suicide, or even health care or medical treatment. [*Id.*]

    b. January 27, 2015 – plaintiff's Captains Request grieves issues related to access to Captains Request and grievance forms at St. Clair County Jail. [Doc. 62-4, p. 17-20] Plaintiff made no reference in this grievance to Wexford Health Sources, Inc., Barbara Rodriguez, being prevented from attempting suicide, or even health care or medical treatment. [*Id.*]

    c. January 28, 2015 – plaintiff's Captains Request grieves issues related to phone prices and punishments by the supervisors. [Doc. 64-4, p. 21, 22] Plaintiff made no reference in this grievance to Wexford Health Sources, Inc., Barbara Rodriguez, being prevented from attempting suicide, or even health care or medical treatment. [*Id.*]

    d. January 29, 2015 – plaintiff's Captains Request grieves issues related to confiscation of his personal possessions as retaliation for filing complaints about jail conditions. [Doc. 62-4, p. 23] Plaintiff made no reference in this grievance to Wexford Health Sources, Inc., Barbara Rodriguez, being prevented from attempting suicide, or even health care or medical treatment. [*Id.*]

    e. Plaintiff filed only one grievance during his time at St. Clair County Jail on January 24, 2015 regarding issues related to conditions of confinement going all the way back to his arrival in October 2012 including food, exercise, air temperature, sanitation/hygiene,

overcrowding, and maximum security housing. [Doc. 62-4, p. 2-9] The Assistant Shift Supervisor responded to plaintiff's grievance on January 25, 2015. [*Id*. at p. 10-12] Plaintiff made no reference in this grievance to Wexford Health Sources, Inc., Barbara Rodriguez, being prevented from attempting suicide, or even health care or medical treatment. [*Id*. at 2-9]

14. Plaintiff states in his Complaint that he was knowledgeable of the grievance procedure at St. Clair County Jail. [Doc. 1, p. 19]

15. Plaintiff states that he immediately filed a grievance regarding the pills when he arrived to segregation. [Doc. 1, p. 11]

16. Plaintiff states that he then attempted suicide. [*Id*.]

17. Plaintiff states that "several days" after his suicide attempt, he spoke with Sergeant Steve Strubberg who told him the criminal investigation had to be completed as the first step in the grievance process. [Doc. 1, p. 12]

18. Plaintiff did not file a Captains Request or grievance regarding his allegations in his Complaint against Wexford Health Sources, Inc. or Barbara Rodriguez during the time required by the grievance procedure or at any time prior to his transfer to Menard Correctional Center on January 30, 2015. [Doc. 1, p. 13]

## APPLICABLE LAW

Summary judgment should be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When determining whether there is a genuine issue of material fact, the Court must weigh all reasonable inferences in favor of the non-moving party. *Omnicare, Inc. v. UnitedHealth Group, Inc.,* 629 F.3d 696, 704 (7th Cir. 2011). That being said, the Court is not "required to draw every requested inference; [it] must only draw reasonable ones that are supported by the record." *Id*. If

9248758.1

the non-moving party only supports his position with "merely colorable" evidence, summary judgment may be granted in favor of the moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-50 (1986).

The Prison Litigation Reform Act provides:

No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. Section 1997e(a).

## ARGUMENT

Pursuant to the St. Clair County Jail Grievance Procedure, plaintiff was required to submit a Captains Request and then a grievance within twenty-four hours of the event upon which his grievance is based. Here, the illicit pills were discovered in plaintiff's possessions on August 4, 2013. [Doc. 1, p. 9] Plaintiff claims that upon arriving in segregation, he "immediately filed a grievance about the discovery of the pills, that they had been given to him over the past months and that he was not at fault." [*Id*. at 10, 11] Plaintiff then attempted suicide while in segregation. [*Id*.] Plaintiff states that only after he filed this grievance did he begin to contemplate suicide. [*Id*.]

Plaintiff states that several days after his suicide attempt in segregation, he spoke with Sergeant Steve Strubberg. [*Id*. at 12] Plaintiff states he "informed him that he had filled out a complaint on 8/4/13 and a follow-up letter, and that he wanted to file a grievance about everything that had been happening since 2/8/13, including how he believed he had been injured in segregation due to his mind being affected by the pills." [*Id*.] Plaintiff says Strubberg told him that the first step in the grievance process was to allow the criminal investigation to be completed. [*Id*. at 13]

6

9248758.1

However, any information plaintiff received from Sergeant Strubberg regarding filing a grievance as to plaintiff's claims against Wexford Health Sources, Inc. or Barbara Rodriguez is irrelevant to this exhaustion analysis. By the time plaintiff asked Sergeant Strubberg about filing a grievance, "several days" after his suicide attempt, the twenty-four hour window to file a Captains Request and grievance pursuant to the grievance procedure had closed. Plaintiff states he had already filed a grievance immediately upon arriving in segregation. Plaintiff states no reason that he was prohibited from filing a second grievance regarding his allegations against Wexford Health Sources, Inc. and Barbara Rodriguez.

Plaintiff simply never filed a Captains Request or grievance regarding his belief that Wexford Health Sources, Inc. and Barbara Rodriguez had failed to screen him for suicidal ideation before he was transferred to segregation according to the grievance procedure. Furthermore, plaintiff submitted neither a Captains Request nor a grievance pursuant to the St. Clair County Jail's written grievance procedure naming Wexford Health Sources, Inc. or Barbara Rodriguez, much less any reference related to health care, medical treatment, or the allegations in the Complaint at any time during the remainder of his detention at St. Clair County Jail.

Wherefore, defendants Wexford Health Sources, Inc. and Barbara Rodriguez respectfully request the Court grant their Motion for Summary Judgment for Plaintiff's Failure to Exhaust Administrative Remedies against them and for any additional relief the Court deems necessary and proper.

                SANDBERG PHOENIX & von GONTARD P.C.

            By: *s/Kathryn M. Huelsebusch*
                Rodney M. Sharp, #6191776
                Kathryn M. Huelsebusch, #6286903
                600 Washington Avenue - 15th Floor
                St. Louis, MO 63101-1313
                314-231-3332
                314-241-7604 (Fax)
                rsharp@sandbergphoenix.com
                khuelsebusch@sandbergphoenix.com
                *Attorneys for Defendant Wexford Health Sources,*
                *Inc. and Barbara Rodriguez*

## **Certificate of Service**

   I hereby certify that on the 5th day of January 2018 the foregoing was mailed by United States Postal Service to the following non-participant in Electronic Case Filing:

LEGAL MAIL
Dallas McIntosh, #B85114
Menard Correctional Center
711 Kaskaskia Street
PO Box 1000
Menard, IL 62259
*Pro Se*


   I hereby certify that on the 5th day of January 2018 the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Katherine A. Porter
Email: kap@bhtylaw.com
*Attorneys for Defendants Phillip McLaurin,*
*Richard Watson and St. Clair County*

Timothy P. Dugan
Maxwell D. Huber
tdugan@cassiday.com
mhuber@cassiday.com
*Attorneys for Nancy Keen, LPN*

                *s/Kathryn M. Huelsebusch*

8

9248758.1