UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

DALLAS MCINTOSH, #B-85114
　　　　Plaintiff,

v.                                                              Case No. 17-cv-00103-JPG-DGW

WEXFORD HEALTH SOURCES,
INC., et al.
　　　　Defendants,

FILED
FEB 12 2018
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

PLAINTIFF'S MOTION TO FIND DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AS MOOT DUE TO SETTLEMENT BETWEEN PARTIES; OR MOTION FOR AN EMERGENCY EXTENSION OF TIME TO RESPOND TO DEF-ENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS

　　Now COMES the Plaintiff Dallas McIntosh, pro-se, and hereby requests this Honorable Court to enter an order declaring Defendants' McLaurin, Watson, and St. Clair County motion for judgment on the pleadings to be moot as a formal settlement agree-ment has been reached & formally signed; or alternatively, that the Court grant Plaintiff an emergency extension of time to respond to Defendants' motion. Plaintiff states the following in support thereof:

Background

1) Plaintiff initiated the above-captioned action on January 29, 2017, by delivering the civil complaint against all Defendants to prison authorities, with correct postage, for mailing to the Clerk of the Court to be electronically filed. (Doc. 1)

2) On March 21, 2017, the Court entered its Merits Review Order finding that Plaintiff had pled 2 colorable claims against Defendants McLaurin, Watson, and St. Clair County. (Doc. 9)

3) On June 30, 2017, Defendants McLaurin, Watson, and St. Clair County (hereinafter "Defendants") filed a 'Motion For Judgment on the Pleadings'. (Doc. 33)

4) While Defendants' motion was pending and awaiting a response from Plaintiff, the parties reached a communicated agreement for Plaintiff to settle the claims against the Defendants; whereupon Plaintiff filed a motion to stay his response to Defendants' motion and this Honorable Court responded by entering an order to take Plaintiff's motion under advisement, recognizing that Plaintiff had advised the Court of "anticipating that a formal signing of the agreement [would] take place in 30-45 days" after the Plaintiff filed the motion to stay. (Docs. 56 & 57) And while the Defendants were ordered by the Court "to file a response to Plaintiff's motion to stay by October 27, 2017, stating whether or not they agree[d] with the claims set forth in Plaintiff's motion", the Plaintiff never received a notification or copy of their response; and the Court never entered an order setting a new deadline by which Plaintiff's response to Defendants' motion was to be due. (Doc. 57)

5) Although the drafting, review, and signing of the formal settlement agreement took longer than Plaintiff anticipated and was led to expect, on January **18**, 2018, Plaintiff did formally sign an official 'Settlement Release Agreement' agreeing to release Defendants McLaurin, Watson & St. Clair County from all claims made against them in this action and to agree to dismiss those claims, with prejudice, at an agreed upon period of time as expressed within the formal agreement. Furthermore, on January 28, 2018, Plaintiff received notice from a third-party attorney that the signed Settlement Release Agreement in this case had been forwarded to counsel for the Defendants.

6) Thus, the "formal signing of the agreement" — as contemplated & considered by the Court's "Order Taking Under Advisement" the Plaintiff's "Motion to Stay" — has been completed and is only awaiting the formal execution of the 'Stipulation for Dismissal,' which Plaintiff, based upon the agreement, reasonably believes will occur within the next few weeks.

7) However, on February 1, 2018, the Court — unaware that such a 'Settlement Release Agreement' had been formally signed by the Plaintiff — entered an order setting a "new deadline" for Plaintiff's response to Defendants' motion for judgment on the pleadings, ordering Plaintiff to "file his response" by "January 19, 2018", a date which preceded the date of the order itself. (Doc. 74) (*Added Emphasis.) Yet due the policy of Menard's Law Library, to only mail the E-filed Court orders to Inmates once a week (i.e. Mondays), Plaintiff did not receive the Court's order until February 5, 2018 — 4 days *after* it was issued.

8) Recognizing the discrepancy concerning the deadline date specified by the Court's order and the fact that the Court's order likely stemmed from a failure of the parties to give the Court notice that the Settlement agreement had been formally signed, Plaintiff drafted a motion requesting the Court to 'clarify' the response date it had set, notifying the Court of the formal signing of the 'Settlement Release Agreement', and asking that the Court reinstate a 'stay' of Plaintiff's response as the action has been settled by Plaintiff. (Filed on 2/8/18)

9) Plaintiff filed the above-described motion on 2/8/18 during his scheduled visit to the law library (i.e. every Thursday) and it was only after he had made such filing, that the Law Library Staff — who have made a bad practice of holding back the Court's e-filed orders until Plaintiff and other inmates actually come to the law library; instead of sending the orders to inmates immediately upon receiving them, via institutional mail — gave Plaintiff the Court's order, entered on "2/2/18", which "corrected" the previous erroneous deadline set by Court, and ordered Plaintiff to file response by "2/19/2018" — a mere 10 days after Plaintiff received correct notice. Hence, that is why Plaintiff filed a motion requesting clarity after the Court had already done so. (Doc. 75)

10) Furthermore, contrary to the Court's "order correcting the deadline listed in Doc. 74", the Court's previous order containing the erroneous date of response, did not "incorrectly" reference the year of the response date as "2017"; but instead listed the response date as "January 19, 2018". (Docs. 74 & 75) Thus, Plaintiff could not reasonably speculate what deadline the Court was attempting

to set.

11) In any case, because a settlement agreement has already been voluntarily reached & formally signed by Plaintiff and Defendants, it would serve no purpose for Plaintiff to file a response to Defendants' motion for judgment on the pleadings and the motion should be found to be moot by this Honorable Court, pursuant to Plaintiff's formal signing of the 'Settlement Release Agreement' which has released Defendants from the claims against them.

12) Yet, should this Honorable Court still seek to order Plaintiff to file a response to Defendants' motion, even in light of the fact that a Settlement Agreement has been formally signed by him, Plaintiff would respectfully remind this Court that it has already ordered Plaintiff to file response to 2 other summary judgment motions within the next 30 days. It would therefore be utterly impossible for Plaintiff to also file response to Defendants' motion for judgment on the pleadings, especially where Plaintiff has received such late and unfair notice of the actual deadline for his response, due to the prejudicial practices of Menard's institutional law library service.

13) Nor is Plaintiff's inability to file 3 responses to 3 separate dispositive motions within 30 days simply a matter of effort. Menard has imposed strict commissary restrictions on the purchase of legal materials — allowing only the purchase of 2-50 pg. Legal Pads and 4 miniature inkpens (which amount to one regular size ink pen) at a time. Thus, Plaintiff simply does not have the

legal materials required for such a volume of litigation and Plaintiff's cell house is not scheduled to return to commissary until sometime between March 1-7 of 2018.

14) Furthermore, Plaintiff is a pro-se litigant and not a legal expert, and Plaintiff is bound by all the liberty deprivations inherent in incarceration — lockdowns, quarantines, law library cancellations, and late court order notices caused by bogus institutional policies & practices. Plaintiff also gives this Court notice that he is currently litigating a total of 3 other actions — not because he is an expert or has a litigious nature but because he is simply trying to exercise his rights before they become moot. Thus, as it pertains to the legal supplies possessed by Plaintiff, he must be wise and economize to make the supplies cover the whole of his legal affairs, which he prioritizes by deadline. That is why Plaintiff requests extensions of time, such as that recently requested as to the other summary judgment motions responses, designed to place intervals between the deadlines — to be able to ensure that he will have an opportunity to obtain more ink, paper, and envelopes between responses to enable him to be able to respond. The conditions at Menard are frustrating. (Docs. 72+73)

15) Thus, the sudden & unexpected deadline set by the Court for Plaintiff's response to Defendants' motion for judgment on the pleadings, of which Plaintiff received late notice, has the unintended effect of 'ambushing' Plaintiff while he is in the midst of already strenuously working toward the March 9, 2018, deadline set by the Court regarding Plaintiff's responses to the other 2 motions for summary judgment; by ordering him to file

response that was totally unanticipated by Plaintiff due to the fact that he has already signed a Settlement Agreement with those Defendants, and for which he does not possess the sufficient legal supplies to complete. (Doc. 73)

16) Plaintiff realizes that this is not the Court's intention and that the Court is likely unaware of the legal-supply restriction imposed by Menard, and has therefore done his best to inform this Honorable Court of these adverse conditions and Plaintiff's impossible position. Thus, if Plaintiff is forced to respond to Defendants' motion for judgment on the pleadings he would need an emergency extension of time from the Court to obtain more supplies.

17) Plaintiff will be unfairly prejudiced by all of the uncontrollable circumstances and matters described herein, unless this Honorable Court finds it within its heart to grant Plaintiff relief requested in the following form:

WHEREFORE the Plaintiff humbly & respectfully requests this Honorable Court — in the interest of fairness, justice, and equity — to (a) ~~find Def~~ confirm with Defendants that Plaintiff has signed a formal Settlement Release Agreement settling the claims against them in this action; (b) find Defendants' motion for judgment on the pleadings moot in light of the formal settlement signed by Plaintiff; or (c) grant Plaintiff a 35-day extension of time of the response deadline set by the Court (2/19/18), in the event the Court decides it is still necessary for such response to be filed regardless of Plaintiff's formal signing of the Settlement Release Agreement.

Date: February 8, 2018

Respectfully Submitted,

_Dallas McBride_

Menard Correctional Center
P.O. Box #1000
Menard, IL 62259
(*Pro Se Plaintiff)

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2018, I placed the foregoing document into the institutional mail at Menard Correctional Center, postage prepaid, properly addressed to the Clerk of the Court at 750 Missouri Ave., East St. Louis, IL, 62201, to be electronically filed using the CM/ECF system, which, in turn, will send notification & a copy of such filing to:

Katherine A. Melzer, #6313753
Becker, Hoerner, Thompson & Ysursa, P.C.
5111 West Main Street
Belleville, IL 62226
(*Attorney for Defendants)

s/ _Dallas McBride_

Dallas McIntosh, #B-85114
Menard Correctional Center
P.O. Box #1000
Menard, IL 62259

\*Legal-Mail\*

-LEGAL MAIL-
Correspondence From IDOC Inmate

\*Legal-Mail\*

Clerk of the Court
United States District Court
750 Missouri Avenue
East St. Louis, IL 62201

U.S. POSTAGE >> PITNEY BOWES
ZIP 62259 $ 000.68
02 1W
0001389078 FEB 09 2018

\* Legal - Mail \*

RECEIVED
FEB 12 2018
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE