# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

DALLAS MCINTOSH,

       Plaintiff,

    v.

WEXFORD HEALTH SOURCES, INC.,
NURSE KEEN, NURSE RODRIGUEZ, ST.
CLAIR COUNTY, RICHARD WATSON, and
PHILIP MCLAURIN,

       Defendants.

Case No. 3:17-cv-00103-JPG-DGW

## MEMORANDUM AND ORDER

**J. PHIL GILBERT, DISTRICT JUDGE**

This matter comes before the Court on plaintiff Dallas McIntosh's and defendants McLaurin's, St. Clair County's, and Watson's stipulation of dismissal following settlement. (Doc. 93.) The aforementioned defendants have also filed a motion for a good faith finding of settlement and dismissal. (Doc. 94.) Since the stipulation of dismissal is not signed by defendants Wexford Health Sources, Inc., Nurse Keen, and Nurse Rodriguez, Federal Rule of Civil Procedure 41(a)(2) applies. Rule 41(a)(2) allows an action to be dismissed at a plaintiff's request only by court order. This manner of dismissal is at the sound discretion of the trial court. *Wojtas v. Capital Guardian Tr. Co*., 477 F.3d 924, 927 (7th Cir. 2007).

McLaurin, St. Clair County, and Watson argue in their motion that the Court should dismiss them pursuant to Rule 41(a)(2) because their settlement was in good faith. (Doc. 94.) Pertinently, "the settling parties carry the initial burden of making a preliminary showing of good faith," which requires "the existence of a legally valid settlement agreement." *Piercy v. Whiteside Cty., Illinois*, No. 14 CV 7398, 2016 WL 1719802, at *4 (N.D. Ill. Apr. 29, 2016) (quoting *Johnson v. United Airlines*, 203 Ill. 2d 121, 129, 784 N.E.2d 812, 820 (Ill. 2003)). Here,

McLaurin, St. Clair County, and Watson have made the preliminary showing that their settlement was in good faith, and no party has objected or argued to the contrary, so the Court will grant the motion on those grounds. The Court declines to address, however, any argument relating to *pro tanto* setoffs and the like—those issues are not ripe for adjudication, and considering McLaurin, St. Clair County, and Watson are exiting this case, they are not the proper defendants to make those arguments.

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** the motion for a good faith finding of settlement (Doc. 94) and **DISMISSES WITH PREJUDICE** McLaurin, St. Clair County, and Watson from this case pursuant to Federal Rule of Civil Procedure 41(a)(2). The Court **DIRECTS** the Clerk of Court to terminate McLaurin, St. Clair County, and Watson as defendants.

**IT IS SO ORDERED.**

**DATED:  JUNE 5, 2018**

*s/ J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**
