# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

DALLAS MCINTOSH, #B-85114
Plaintiff,

v.                                    Case No. 17-cv-00103-JPG-DGW

WEXFORD HEALTH SOURCES,
INC., et al.

SCANNED AT MENARD and E-mailed
7-12-18  by PS  10 pages
date    initials  No.

## PLAINTIFF'S MOTION FOR THE RECRUITMENT OF COUNSEL FOR PAVEY-EVIDENTIARY HEARING

NOW COMES the Plaintiff Dallas McIntosh, pro-se in the above-captioned action, and pursuant to 28 U.S.C. §1915(e)(1), requests this Honorable Court to recruit counsel in this upcoming Pavey-Evidentiary Hearing on Plaintiff's behalf. Plaintiff states the following in support thereof:

1) I, Dallas McIntosh, am the pro-se Plaintiff in this case. I am unable to afford the services of an attorney and I urgently request this Honorable Court to recruit counsel to represent me in this case, or at the very least, in the upcoming Pavey-Evidentiary Hearing. (Doc. 97) I also understand that the Court will attempt to recruit counsel to represent me only if certain criteria are met.

2) I have tried to find an attorney to take my case by writing to numerous lawyers & law firms in an effort to obtain counsel

to assist me in litigating my case. I have written Kurowski-Schultz, LLC.; The Bluhm Legal Clinic; Brown & Crouppen; Katzman & Sugden, LLC.; Loevy & Loevy; Roderick & Solange MacArthur Justice System (twice); and Uptown Law Center — asking in each letter that they consider representing me in this case on either a pro-bono or contingency-fee basis.

3) In most instances, I did not receive a response back from the lawyers & law firms that I have written. The few responses that I have received, declining my request for representation, are attached hereto as Exhibits A, B, C, & D.

4) I am not currently represented by an attorney recruited or appointed by the Court in this or any other civil or criminal case before this Court; yet I was previously represented by Court-recruited counsel in a past civil case: McIntosh v. Watson, et al. (Case No. 3:15-cv-01016-JPG-RJD) (Attorney: Robert C. Creighton / Law Firm: Kurowski-Schultz, LLC.) That civil case has since been resolved.

5) I have previously filed an 'Application for Leave to Proceed In Forma Pauperis' in this case and it is a true & correct representation of my current financial status.

6) I am a 4-year College Graduate but I have absolutely no legal training, education, skills, or expertise.

7) However, I believe that I am not able to represent myself in this matter, and more specifically the upcoming Pavey-Evidentiary

Hearing, and that counsel will be required for the following reasons:

(a) <u>Complexity</u> - The issue of whether Plaintiff exhausted the available administrative remedies of the St. Clair County Jail is complex because the affirmative defense of exhaustion has been raised by both sets of Defendants who have slightly different arguments as to 'how' & 'why' Plaintiff did not exhaust available remedies before filing suit. In particular, there are material disputes between the parties over the difference between how the grievance procedure was supposed to have operated (as it was written), and the way in which it was actually being implemented by the jail's administration and staff. There are also issues over the subpoenaed grievance records which have been obtained and relied on by Defendants, and represented as being a complete and accurate log of all complaints that were submitted by Plaintiff during his detention in the county jail, while Plaintiff has produced copies of his complaints that are relevant to this action and that are not included in Defendants' own records — making the accuracy and integrity of the jail's record-keeping process a material dispute in the hearing. Both issues are material to whether the remedies were 'available' or 'unavailable', and to whether Plaintiff exhausted the available administrative remedies. Furthermore, these issues will call for the subpoena of current and former jail employees. All of the aforementioned issues and their materiality to the question of exhaustion and the Pavey-Evidentiary Hearing, have been fully explained and detailed in Plaintiff's Motion for a 90-Day Continuance of the Pavey-Evidentiary Hearing. (Doc. 107, pp. 9-12) Thus, Plaintiff will need experienced legal counsel with the ability to address and demonstrate the differ-

-ences in both sets of Defendants' positions, ascertain exactly how the grievance procedure should have operated (as it was written) and how it actually did work, examine the record-keeping process for any fundamental flaws that could explain the discrep-ancy between the Defendants' & Plaintiff's grievance records, and who is able to locate and subpoena the necessary witnesses.

(b) <u>Conflicting Testimony</u> - Material testimony at the Pavey-Evidentiary Hearing will be in sharp conflict due to the dispute between (1) Sgt. Steve Strubberg and (2) Randy McCallum, Ronnie Gully Jr., and Plaintiff as to what oral representations were repeatedly made to Plaintiff concerning the grievance proced-ure to be followed by Plaintiff where he was the subject of an ongoing and underlying criminal investigation. The conflict in testimony is material to determining whether the administrative remedies were made 'unavailable' due to Plaintiff being misled by jail staff. The aforementioned issue and its materiality to the issue of 'exhaustion and the Pavey-Evidentiary hearing has been fully explained and detail-ed in Plaintiff's motion for a continuance of the Pavey-hearing. (Doc. 107, pp. 5-9) Thus, Plaintiff will need counsel who is exper-ienced in examination, cross-examinations, and the assessment of credibility determinations, in order to help the Court resolve the con-flicting testimony.

8) <u>Issues of credibility and conflicting testimony have been widely and repeatedly held to support requests for counsel. Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996)</u> (noting that where case will turn on assessments of credibility; denial of counsel should be reconsidered); <u>Bright v. Hickman, 96 F.Supp.2d 572, 577-78 (E.D. Tex. 2000)</u> (need

for cross-examination skills to deal with conflicting testimony, supp--orted appointment of counsel)

9) As set forth in the preceding paragraphs, these facts — particularly my lack of legal skill and inability to meaningfully conduct a Pavey Evidentiary Hearing requiring cross-examination — strongly supports the recruitment of counsel to represent me in this case, or at least at the hearing.

WHEREFORE, the Plaintiff humbly and respectfully requests this Honorable Court to grant Plaintiff's motion for recruitment of counsel.

Pursuant to 28 U.S.C. Section 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: July 6, 2018

Respectfully Submitted,
Dallas McIntosh
Dallas McIntosh, B-85114
Menard Correctional Center
P.O. Box #1000
Menard, IL 62259

## CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2018, I placed the foregoing document into the internal mail system at Menard Correctional Center, properly marked, to be forwarded to the prison's law library and electronically filed using the CM/ECF system, which, in turn, will

send a notification & a copy of such filing to all counsels of record.

Pursuant to 28 U.S.C., Section 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: July 6, 2018

s/ Dallas McIntosh
Dallas McIntosh, #B-85114
(*Exhibits Attached)



June 7, 2017

**LEGAL MAIL**

Mr. Dallas McIntosh (B85114)
c/o Menard Correctional Center
711 E Kaskaskia St.
Menard, IL 62259

    Re:   *McIntosh v. Watson, et. al.*; 3:15 –cv-01016

Dear Mr. McIntosh,

    I am in receipt of your May 14, 2017 letter inquiring about my firm's representation of you in three separate matters. Those matters are: *McIntosh v. Wexford Health Systems, Inc., at al.* (3:17-cv-00103); *McIntosh v. Kelly, et al.* (3:16-cv-01018); and *McIntosh v. Rosenblum, et al.* (17-AR-58).

    I thank you for your interest, however, as discussed, my firm is unable to represent you in any of those three matters.

    I wish you the best of luck in those matters and will continue to be in touch regarding the case we do represent you in, *McIntosh v. Watson, et al.* (3:15-cv-1016).

    Sincerely,

    Robert C. Creighton

RCC/kaw

*Exhibit A*

1405 Green Mount Road, Suite 400 | O'Fallon, Illinois 62269
P 618.277.5500 | F 618.277.6334 | www.kurowskishultz.com

## KATZMAN & SUGDEN, LLC

STEVEN E. KATZMAN
CHRISTINA M. SUGDEN
DANIEL C. KATZMAN

ATTORNEYS AT LAW
300 SOUTH CHARLES STREET
BELLEVILLE, ILLINOIS 62220

TELEPHONE: (618) 235-2110
FACSIMILE: (618) 235-2117

Licensed in Illinois and Missouri

EMAIL: dkatzman@katzmanlaw.net

June 8, 2017

Dallas McIntosh -- #B85114
Menard Correctional Center
P.O. Box 1000
Menard, IL 62259

RE:   Letter

Dear Mr. McIntosh:

Thank you for taking the opportunity to write to me concerning your pending case in the Southern District of Illinois. <u>Unfortunately</u>, we will not be able to be of assistance to you in this matter. This does not mean that you do not have a cause of action, only that we will not be able to assist you in either matter. As a result, I am closing my file and will take no action on your behalf on either matter. **<u>I advise you to consult with another attorney of your choice immediately in order to protect and preserve your rights.</u>**

As we discussed any cause of action and/or defense and/or motion you have against any potential defendant is governed by a <u>strict statute of limitations</u>. This means that if a lawsuit is not filed within the time set by statute it will be forever time barred, regardless of its merits. This will confirm this law firm has not filed, nor will file any action and/or defense and/or motion on your behalf to protect the statute of limitations. If you wish to pursue this, I strongly recommend that you obtain the service of another attorney **<u>immediately</u>** to represent you in this matter.

Please be advised that this law firm has not, nor will it in the future, file any claim or lawsuit or defense or motion to protect your rights in this matter. I want to wish you the very best of luck, and I hope this turns out to your satisfaction.

Very truly yours,

Daniel C. Katzman

DCK:dk

*Exhibit B*

# Roderick & Solange
# MacArthur Justice Center
### ST. LOUIS

**Legal Mail-Confidential and Privileged**

Dallas McIntosh, ID No. B85114
Menard Correctional Center
P.O. Box #1000
Menard, IL 62259

June 8, 2017

Dear Mr. McIntosh,

We received your May 24, 2017 letter requesting we reconsider our determination that we are unable to represent you at this time.

As outlined in our May 18, 2017 letter, we must reiterate that we are a fairly small office and we do not have the resources to take your case at this time. We get numerous requests for assistance and do not have the ability to represent everyone in need of legal representation.

Despite the fact that we admire your tenacity and remain sympathetic to the frustrating challenges one often faces when seeking legal representation, limited resources dictate that we must decline your request.

Please understand that by declining your request we are in no way expressing an opinion concerning the merits of your case. We are simply acknowledging the strict parameters we must work within due to our limited resources. If you still wish to pursue this matter with another attorney, I recommend you do so immediately.

We wish you the best of luck.

Sincerely,

Braxton Stanfield
Law Clerk

*Exhibit C*

# LOEVY & LOEVY

311 N. Aberdeen St., 3rd Floor, Chicago, Illinois 60607

February 1, 2018

*Via U.S. Mail*
Dallas McIntosh
B85114
Menard Correctional Center
P.O. Box 1000
Menard, IL 62259

    Re:    Your request for legal representation

To Dallas McIntosh:

    This letter is to inform you after reviewing your file we are unfortunately unable to take your case.

    Please be advised that there are time limitations that govern the period in which a claim or lawsuit may be filed. Such time periods depend on the cause of action you may wish to pursue. However, we encourage you to follow up with other attorneys <u>immediately</u> to ensure that all legal rights are fully explored and protected.

    We appreciate your decision to contact us, and wish you the best of luck in pursuing your claims.

                                            Sincerely,

                                            Loevy & Loevy

*Exhibit D*