# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

DALLAS McINTOSH, #B-85114
Plaintiff,

v.  Case No. 17-cv-00103-JPG-DGW

WEXFORD HEALTH SOURCES, INC.
Defendants,

SCANNED AT MENARD and E-mailed
7-12-18 by PS  9 pages
date   initials   No.

## PLAINTIFF'S APPEAL OF MAGISTRATE JUDGE'S ORDER DENYING PLAINTIFF'S MOTION FOR A 90-DAY CONTINUANCE OF PAVEY-EVIDENTIARY HEARING

Now COMES the Plaintiff Dallas McIntosh, pro se in the above-captioned action, and pursuant to 28 U.S.C. § 636(b)(1)(A), hereby appeals the Magistrate Judge's order denying Plaintiff's Motion for a Continuance of the Pavey-Evidentiary Hearing (Doc. 110) and requests the District Judge to reconsider the entirety of the order as it is wholly-based on a misinterpretation of the factual issues raised in Plaintiff's motion. Plaintiff states the following in support thereof:

### Background

1) Plaintiff initiated the above-captioned action on January 29, 2017, by delivering the original civil complaint against all Defendants to prison

authorities, with correct pre-paid postage, to be mailed to the Clerk of the Court and electronically-filed. (Doc. 1)

2) On November 21, 2017, Defendant Keen filed a motion for summary judgment for failure to exhaust administrative remedies; on January 5, 2018, Defendants Rodriguez and Wexford Health Sources also filed a motion for summary judgment for failure to exhaust administrative remedies. (Docs. 61, 62, 69, 70 & 73)

3) On March 9, 2018, Plaintiff filed a combined response to both of the Defendants' motions for summary judgment. (Doc. 88)

4) On June 4, 2018, the Court entered an order scheduling a Pavey-Evidentiary Hearing for the date of June 25, 2018; whereupon Plaintiff filed his initial motion for a 90-day continuance of the Pavey-Evidentiary Hearing ("first motion") in order to (1) facilitate the appearance of witnesses to testify on Plaintiff's behalf, (2) submit a motion for recruitment of counsel for purposes of the hearing, (3) obtain & present further evidence in support of Plaintiff's position, and (4) otherwise prepare for the hearing." (Docs. 97, and 103).

5) Although Plaintiff's first motion for a continuance made reference to the Plaintiff's witnesses whose affidavits had been attached to the Plaintiff's motion in opposition to Defendants' summary judgment motions and ~~cited~~ stated that Plaintiff would need time to file a motion for recruitment of counsel, as Plaintiff himself lacked the "level of skill", "competency", and "legal knowledge" needed to conduct meaningful examinations, cross-examinations, and make the necessary objections to

preserve issues for a possible appeal, the Magistrate Judge denied the request for a continuance on the grounds (1) that he provided "no information about the proposed testimony of [his] witnesses or how such testimony would assist the Court in determining whether Plaintiff exhausted his administrative remedies prior to filing this action, and (2) "Civil litigants... do not have a constitutional or statutory right to counsel... [and] the Court... will ensure Plaintiff has an opportunity at the hearing to present his testimony and cross-examine any witnesses or respond to any evidence presented by Defendants." (Doc. 103, pp. 2-4; Doc. 104)(Emphasis added).

6) On June 21, 2018, Plaintiff filed another "Motion for a 90-day Continuance of the Pavey-Evidentiary Hearing", wherein he sought to address the short-comings of his first motion that had been cited in the Magistrate's order of denial and to specifically clarify his grounds for the requested continuance ("motion"). (Doc. 107)

7) In his motion, Plaintiff demonstrated how the testimony of those witnesses, who had signed affidavits for Plaintiff, was relevant to the Court's determination of whether Plaintiff had exhausted the "available" administrative remedies prior to filing this action. (Doc. 107, pp. 4-8, ¶¶ 10-15) Plaintiff then further advised the Court that while one of his three witnesses was outside of the U.S. on vacation, the other 2 were prisoners whom Plaintiff would have to find a way to have present at the hearing. Id., pp. 5-7 Thus, Plaintiff requested a continuance in order to figure out how to draft & file a proper motion of "habeas corpus ad testificandum" in order to facilitate the appearance and testimony of his imprisoned witnesses, and

to allow for his last witness to return from abroad. Id., pp. 6-8.

8) Furthermore, Plaintiff requested the extension of time to locate and subpoena "several individuals who worked at the county jail during the relevant period" whom Plaintiff knew and believed had "knowledge of actions taken by the administration that would constitute obstruction of the grievance procedure and/or the true state of the grievance record-keeping process." Id., pp. 8-10, ¶¶ 16-19. Plaintiff explained that such witnesses and prospective testimony were "directly relevant" to the Court's determination of whether the administrative remedies were "unavailable" due to the systematic obstruction by the administration, and whether the grievance records presented by Defendants were a credible and reliable log of all Captain's Request & Detainee Grievance Forms supposedly submitted by Plaintiff during the relevant period of detention in the St. Clair County Jail. Id. at p. 10.

9) Finally, Plaintiff again requested the continuance to also "draft and file a motion for recruitment of counsel for the purpose of the hearing" and to allow for any prospectively recruited attorney to have "time to review the relevant matters." Id., p. 12-13. Plaintiff further stressed that such counsel would be necessary "as Plaintiff does not have the skill, competency, or legal knowledge/ability that is needed to conduct meaningful examinations/cross-examinations... In[n]or does Plaintiff have the legal expertise needed to make the relevant or necessary objections to potential improper questioning by the Defendants, so as to ensure that such examinations are bound by legal parameters or to preserve the issues in the hearing for the purposes of a prospective appeal." Id.

10) On June 22, 2018, the Magistrate Judge entered an order

denying (w/o prejudice) Plaintiff's revised motion for a continuance of the Pavey-Evidentiary Hearing. (Doc. 110)

11) In its order of denial, the Court reiterated that "civil litigants do not have a constitutional or statutory right to counsel" and the Court would "ensure Plaintiff has an opportunity at the hearing to present his testimony and cross-examine any witnesses or respond to any evidence presented by Defendants." Id. (Emphasis added). The Court further addressed "Plaintiff's desire to subpoena witnesses" and determined that "all three proposed witnesses signed affidavits ... that may be considered by the Court" and "thus, it does not appear those witnesses need to be present for the hearing." (Doc. 110)(Emphasis added)

12) In issuing its order, the Magistrate Judge has clearly skirted around the actual issues and misconstrued Plaintiff's stated reasons for requesting a continuance of the Pavey-Evidentiary Hearing.

13) First, while it is true that Plaintiff has neither a constitutional nor statutory right to counsel, Plaintiff does have a procedural right to request that counsel be recruited on his behalf, and where he demonstrates the necessity of counsel, the court should at least attempt to recruit an attorney. In his motion, Plaintiff neither asserted a "right" to counsel or demanded that one be appointed; instead, Plaintiff merely asked for an extension of time within which to draft and file a motion for the recruitment of counsel and to allow, if granted, time for prospective recruited-counsel to prepare for the hearing. Furthermore, as stated and supported in Plaintiff's motion, "the issues of credibility and conflicting testimony have

been widely and repeatedly held to support requests for counsel. <u>Id</u> at pp 13-14. Yet, the Magistrate Judge's repeated failure to acknowledge the actual issue raised by Plaintiff, while repeatedly stating that Plaintiff has no "right" to counsel, is a veiled-direct message that Plaintiff will not be allowed counsel under any circumstance and that the Evidentiary Hearing will not be continued to even allow him to file such motion. Furthermore, while the Magistrate Judge ~~was~~ constantly states that Plaintiff will be given "<u>an opportunity</u> at the hearing to present (only) his testimony and cross-examine any witnesses or respond to any evidence presented by Defendants". Plaintiff has never disputed whether he would have such "an <u>opportunity</u>"; instead, Plaintiff has stated that he does not have the 'ability' to conduct a meaningful cross-examination or response to witnesses and evidence "presented by Defendants." (Doc. 110)(Emphasis & Parenthetic Expression added); (Doc. 107, p. 12) Thus, the Magistrate Judge's orders continually skirts around everything that was actually stated in Plaintiff's motion.

14) It is fairly obvious that a mere "opportunity" to cross-examine Defendants' witnesses or respond to Defendants' evidence is meaningless where Plaintiff is a pro-se litigant ~~whit~~ without the ability (i.e. legal experience, knowledge, & ability) to do so. It is just as obvious that the Magistrate Judge is attempting to stage a one-sided hearing where Plaintiff will only be allowed to "cross-examine any witnesses or respond to any evidence <u>presented by Defendants</u>." It makes the hearing fundamentally unfair for Plaintiff to be limited and restricted to presenting only "his testimony", ~~one~~ on the one hand, while only being allowed to defend against witnesses and evidence "presented by Defendants" on the other hand. This is especially true

where Plaintiff has requested to subpoena witnesses whom he believes have other material and relevant testimony which pertains to specific matters to which Plaintiff could not personally attest," as he cannot be presumed to know what all his prospective witnesses would know." (Doc. 107, pp. 12-13) This is equally true where the Defendants have no obligation or incentive to present witnesses or evidence that will be favorable to Plaintiff's "cross-examination" or response. Plaintiff raised all of these issues, arguments, and contentions with the Court in his motion. (Doc. 107, pp. 9-14)

15) Yet, the Magistrate Judge again completely sidestepped the Plaintiff's argument by completely misconstruing his request to subpoena witnesses. In its order, the Court stated that Plaintiff's request to subpoena witnesses was basically unnecessary because "all three proposed witnesses signed affidavits ... that may be considered by the Court." (Doc. 110) However, Plaintiff's motion clearly demonstrates that he did not seek to subpoena witnesses from whom he had already obtained affidavits — instead he sought to facilitate their presence by a motion of "habeas corpus ad testificandum". (Doc. 107, p.8)

16) Instead, the witnesses whom Plaintiff specifically sought to "subpoena" were employees of the county jail and Defendant Keen herself. (Doc. 107, pp. 9-11) Yet, because the Magistrate Judge misconstrued Plaintiff's issue, the order does not explain how the denial of such witnesses will be compensated for by the affidavits of other witnesses whom Plaintiff did not seek to subpoena.

17) Thus, it is unmistakably clear that the Magistrate Judge's

order did not address a single issue raised in Plaintiff's motion, but instead skirted around and misconstrued all the issues in, order to effect what Plaintiff truly believes is an unfair and one-sided Evidentiary Hearing where Plaintiff, a pro se litigant with no legal training and very limited experience, will be besieged by 4 veteran and experienced lawyers of the Defendants.

18) Plaintiff will be irreparably prejudiced by the order of the Magistrate Judge, which failed to actually respond to any of the issues raised by Plaintiff, unless the Honorable District Judge grants relief.

WHEREFORE, for the good-cause shown herein, Plaintiff requests the District Judge to review both Plaintiff's motion and the Magistrate Judge's order, reconsider the order, set aside all portions of the order which failed to actually and accurately address the issues in Plaintiff's motion, and grant Plaintiff the relief requested in the motion and any such other or further relief that this Honorable Court deems fair, just, and equitable.

Date: July 6, 2018

Respectfully Submitted,
s/ Dallas McIntosh
Dallas McIntosh, #B-85114
Menard Correctional Center
P.O. Box #1000
Menard, IL 62259

# CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2018, I placed the foregoing document into the internal mail system at Menard Correctional Center, properly marked to be forwarded to the prison law library and electronically filed using the CM/ECF system, which, in turn, will send a notification & a copy of such filings to all counsels of record.

Pursuant to 28.U.S.C., Section 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: ~~July 6,~~ July 6, 2018          s/ Dallas McIntosh
                                        Dallas McIntosh, B-85114



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
prisoner.esl@ilsd.uscourts.gov

RECEIVED JUL 12 2018

ELECTRONIC FILING COVER SHEET

Please complete this form and include it when submitting any type of document, letter, pleading, etc. to the U.S. District Court for the Southern District of Illinois for review and filing.

Name: Dallas McIntosh
ID Number: B-85114

Please answer questions as thoroughly as possible and circle yes or no where indicated.

1. Is this a new civil rights complaint or habeas corpus petition?   Yes or **No**

   If this is a habeas case, please circle the related statute:   28 U.S.C. 2241 or 28 U.S.C. 2254

2. Is this an Amended Complaint or an Amended Habeas Petition?   Yes or **No**

   If yes, please list case number: _____

   If yes, but you do not know the case number mark here: _____

3. Should this document be filed in a pending case?   **Yes** or No

   If yes, please list case number: 17-CV-00103-JPG-DGW

   If yes, but you do not know the case number mark here: _____

4. Please list the total number of pages being transmitted: 19

5. If multiple documents, please identify each document and the number of pages for each document. For example: Motion to Proceed In Forma Pauperis, 6 pages; Complaint, 28 pages.

| Name of Document | Number of Pages |
|---|---|
| Appeal of Magistrate Judge's Order | 9 |
| Motion for Recruitment of Counsel | 10 |

Please note that discovery requests and responses are NOT to be filed, and should be forwarded to the attorney(s) of record. Discovery materials sent to the Court will be returned unfiled.