IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| *DALLAS McINTOSH, #B85114.* ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 3:17-cv-103-JPG-DGW |
| ) | |
| *WEXFORD HEALTH SOURCES, INC.,* ) | |
| *NANCY KEEN, BARBARA RODRIGUEZ,* ) | |
| *ST. CLAIR COUNTY, RICHARD WATSON,* ) | |
| *and PHILIP McLAURIN,* ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS WEXFORD HEALTH SOURCES, INC. AND BARBARA RODRIGUEZ'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

COME NOW Defendants, Wexford Health Sources, Inc. and Barbara Rodriguez (hereafter collectively referred to as "Wexford Defendants"), by and through undersigned counsel and pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), and for their Objections to the Magistrate Judge's Report and Recommendation (Doc. 127) regarding Wexford Defendants' Motion for Summary Judgment, hereby state as follows:

### Introduction

On February 2, 2017, Plaintiff filed his Complaint containing allegations against Wexford Defendants for acts of deliberate indifference. Doc. 1. On January 5, 2018, Wexford Defendants filed their Motion for Summary Judgment on the issue of Plaintiff's failure to exhaust his available administrative remedies prior to filing suit as required by the Prison Litigation Reform Act. Doc. 70; 42 U.S.C. § 1997e(a). Plaintiff and Wexford Defendants each filed a timely response (Doc. 88) and supplemental filing (Doc. 98), respectively, culminating in a two-part hearing (due to electrical malfunctions at the first hearing) before the Magistrate

1

10239453.3

Judge on July 16, 2018 and August 15, 2018. On August 22, 2018, Magistrate Judge Wilkerson issued a Report and Recommendation (hereafter referred to as "Report"), dated July 20, 2018, four days after the first hearing before the Court heard any of Defendants' evidence, (Doc. 127) in which he recommended that the District Court deny Wexford Defendants' Motion for Summary Judgment.

A judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). As set forth below, Wexford Defendants object to the analysis provided in the Report and Recommendation and request that the Court reject same.

## Objections and Arguments

### *Wexford Defendants' Timeline of Events is Fully Supported by Evidence.*

The Magistrate Judge in his Report noted: "the parties have vastly different versions of the facts regarding McIntosh's attempts to exhaust administrative remedies." Doc. 127. While this is somewhat true, the Report and Recommendation failed to pick up on the fact that Wexford Defendants offered a solid and clear version of the events fully supported by evidence, while Plaintiff offered a convoluted, often contradictory, and unsupported timeline.

1. *Wexford Defendants' Established and Supported Version of Events.*

Wexford Defendants argue that Plaintiff failed to file a Captain's Request or a Grievance within the required twenty-four hours, and therefore, failed to exhaust his administrative remedies pursuant to the procedure at the St. Clair County Jail. Docs. 69, 70. Wexford Defendants support this position through submission of Plaintiff's grievance file, an affidavit and testimony of witness Sgt. Strubberg, and documentation of the actual grievance procedure available at St. Clair County Jail. Docs. 69, 70. Plaintiff failed to submit the required Captain's

2

Request, followed by a Grievance, in order to exhaust his administrative remedies, as shown by Plaintiff's grievance file.  Doc. 70.  Therefore, based on the presented evidence and arguments set forth, there can be no question that Plaintiff failed to exhaust his available administrative remedies and judgment should be granted in favor of the Wexford Defendants.

       2.     *Plaintiff's Version of Events is Contradictory.*

Plaintiff's version of the events, on the other hand, sets forth a number of conflicting facts and a repeated theme of fault belonging to anyone and everyone except Plaintiff.  This trend is seen early on in Plaintiff's story during a shakedown of the infirmary on August 4, 2013, in which multiple bundles of pills were discovered in Plaintiff's property.  As a result, Plaintiff was placed in punitive segregation. Doc. 1, pp. 9-10.  After he was promptly moved to segregation, Plaintiff alleges that he submitted a Captain's Request Complaint Form (Doc. 91), a copy of which he submitted with his response to Wexford Defendants' Motion for Summary Judgment.  The Captain's Request form, dated August 4, 2013, is a four-page, handwritten document.  Within this never-before-seen form, Plaintiff clearly and repeatedly states that *his* possession and hiding of the pills is not his fault and he did nothing wrong. Doc. 91.  Logically, it makes no sense for Plaintiff to keep the pills hidden if he did not think he was doing anything wrong.  Additionally, at the time he wrote this lengthy complaint, Plaintiff simultaneously alleges in his Complaint, that he was unable to think straight at this point in time as he was still affected by the pills. Doc. 1, p. 11.  It does not follow reason that an individual suffering from such alleged mental impairment would be able to formulate and submit a lengthy complaint form requesting monetary damages.  Therefore, it is Wexford Defendants' position that either Plaintiff did not write the complaint at the time he states, or he was not as mentally impaired at the time

3

as he alleges. Neither explanation makes Plaintiff very credible. Both of these explanations would result in a ruling in favor of Wexford Defendants.

However, there are more issues with Plaintiff's version of events to discuss that were glossed over in the Report without any reference at all to the credibility of the parties, an issue at the crux of whether the grievance process was in fact available to Plaintiff. In fact, the mere reference to the order being dated July 20, 2018, before the Magistrate Judge heard <u>any</u> evidence from Sgt. Strubberg raises the question as to whether Magistrate Wilkerson even considered the testimony of Sgt. Strubberg, let alone whether he resolved a credibility issue in favor of Plaintiff and against Sgt. Strubberg.

Plaintiff repeatedly reminds the Court and parties that when he was moved to segregation, he was allowed to keep his mattress, which contained an additional bundle of pills. Doc. 1, pp. 11. Plaintiff mentions the extra pills in his Captain's Request, yet never turns in the pills. He again takes no fault for possessing the pills, even though he could have turned them in earlier or notified an officer on his way to segregation of what was contained in the mattress. Plaintiff's game of hide-and-seek should not be seen as fault on the Defendants in this matter, but as a trend in Plaintiff's relationship with and interpretation of the truth and, more importantly, insight into his credibility.

Plaintiff additionally claims that after he submitted his Captain's Request forms, they were returned to him by Sgt. Strubberg on August 6, 2013. He provides this as an explanation as to why Plaintiff has them in his possession now and why they are not contained in his grievance file kept by the facility. However, this story is also unsupported, and in fact in direct contradiction to the sworn testimony of Sgt. Strubberg at the August 15, 2018, hearing. All parties conceded that the issue for the Court was one of credibility yet the Magistrate Judge made

4

no attempt to explain why he found Sgt. Strubberg a less credible witness. The fact that the forms are unmarked by any jail personnel from receipt or review is proof that Plaintiff never submitted the forms in the first place.

Even when viewed in the light most favorable to Plaintiff, his version of the events are simply nonsensical and indicate the presence of a number of inconsistencies and untruths. Therefore, Wexford Defendants' have presented sufficient evidence and testimony to support the events that transpired, unlike Plaintiff.

*Plaintiff's Submitted Affidavits Refer to Events Unrelated to the Alleged Conversation between Plaintiff and Sgt. Strubberg in August of 2013.*

In addition to Plaintiff's testimony, the Report and Recommendation relies on the submitted affidavits of Randy McCallum and Ronnie Gully, Jr. from Plaintiff. These two individuals were apparently housed near Plaintiff in December of 2014. The Magistrate Judge relies quite heavily on these affidavits as the individuals attest that "they overheard Strubberg tell McIntosh he would be informed when the investigation was over and would then be allowed to file a grievance." Doc. 127, p. 6. The Magistrate Judge additionally indicated that the Defendants provided no reason for the Court to disregard the affidavits. The reason for this is because the affidavits were never brought up by Plaintiff or the Magistrate Judge during the *Pavey* hearing until the very last minute, at which point the Magistrate Judge indicated to Plaintiff he would consider the affidavits along with the other evidence.

The events relevant to Plaintiff's allegations occurred in August of 2013. On August 6, 2013, Sgt. Strubberg escorted Plaintiff to his office to discuss the investigation. Doc. 88, p. 6. Plaintiff claims that Sgt. Strubberg informed him at this time he was under criminal investigation concerning the pills discovered with his property and would have to wait until the investigation was complete to file a grievance. Sgt. Strubberg then allegedly handed Plaintiff's Captain's

5

Requests back to him. Sgt. Strubberg appeared at the *Pavey* hearing and testified to the exact opposite – that he never made such a statement, nor did he recall receiving or handing back any documents to Plaintiff – supporting defendants' repeated position that they were simply created after-the-fact.

Both affidavits from Plaintiff refer to an interaction between Plaintiff and Sgt. Strubberg that occurred in December of 2014. Neither affiant was present for the meeting between Sgt. Strubberg and Plaintiff during which Sgt. Strubberg allegedly returned the aforementioned complaint forms to Plaintiff in August of 2013. Sgt. Strubberg testified that the investigation closed in October of 2014. Therefore, Plaintiff's timeline of events does not match the presented affidavits, and the affidavits are not relevant as they do not support Plaintiff's version of what occurred in August of 2013.

In *Pavey*, the Seventh Circuit instructed district courts to conduct a hearing where "exhaustion is contested" to determine whether a plaintiff has exhausted his administrative remedies. *Croom v. Lashbrook*, No. 17-CV-0633-DRH, 2018 WL 1665703, at *3 (S.D. Ill. Apr. 6, 2018) (*Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008)). And in holding that hearing, a court may credit the testimony of one witness over another. *Id.* (*See Pavey v. Conley (Pavey II)*, 663 F.3d 899, 904 (7th Cir. 2011) (affirming factual findings of a magistrate judge, whose Report included factual findings that the plaintiff was not credible)). In other words, and unlike other summary judgment motions, the very purpose of *Pavey* is to allow a judge to resolve swearing contests between litigants. *Id*.

The Report is devoid of any such discussion of the credibility of Plaintiff and Sgt. Strubberg. Contrary to the Magistrate Judge's erroneous finding that defendants were not contesting the affidavits, defendants presented contrary evidence. Sgt. Strubberg denied ever

6

10239453.3

informing Plaintiff that he was under a criminal investigation at the time of their encounter, which was why Plaintiff allegedly could not complete the grievance procedure, in direct contradiction to the affidavits.

The Court also seemed to misunderstand defendants' argument: the fact that the investigation on the supplier of the contraband took so long is evidence that Plaintiff did not provide Sgt. Strubberg the Complaints as claimed since they identified the supplier as a nurse. It makes absolutely no sense that the investigation team spent over a year looking outside the health care unit for the source of the contraband if, as plaintiff claimed, he gave the Complaints to Sgt. Strubberg. Not only is Sgt. Strubberg exponentially more credible than Plaintiff, his explanation actually makes sense and was in no way contradicted by the affidavits submitted by plaintiff dealing with events which allegedly took place much later.

*Plaintiff did not name Wexford Defendants in his Captain's Request Complaint Form*

Even if taken as true that Plaintiff's Captain's Request forms were submitted timely (i.e., on August 4 and 5 of 2013), Plaintiff failed to specifically name Wexford or Barbara Rodriguez in the Request forms as they relate to the allegations in his Complaint (Doc. 1). This would make it impossible for the facility to be put on notice to the specific issues and those involved in order to assess and, if necessary, cure any problems prior to him filing suit. If an offender could bypass the standard protocols by putting personnel "on notice" as easily as set forth in the Report, then the entire regulatory structure would collapse. See *John E. Smith v. Asselmeier*, No. 3:17-CV-01237-JPG-DGW, 2018 WL 3533346, at *3 (S.D. Ill. July 23, 2018). Every prisoner would be able to fully exhaust remedies by filing a frivolous grievance or some other manner of putting personnel "on notice" that bypasses the standard procedures that are meant to address the issues on the merits. *Id.* Therefore, it is important that Plaintiff failed to be specific about his

allegations against Wexford Defendants in his Captain's Requests and align them with the allegations in his Complaint (Doc. 1).

At the outset, it is important to note that Plaintiff claims he did fill out Captain's Request forms, and therefore those forms were not unavailable to Plaintiff as Magistrate Wilkerson surmised. This precludes any such argument, or finding, to the contrary.

## Conclusion

The Report and Recommendation repeatedly refers to "construing the facts in the light most favorable to the non-moving party." However, the Report and Recommendation took this practice one step further by simply adopting Plaintiff's version of events with no discernable consideration of the submissible and contrary evidence presented by Defendants at the hearing. Even in the light most favorable to Plaintiff, as practiced by the 7th Circuit, it is clear that Plaintiff's version of events contains logic-induced holes, while Defendants version presents a supported, concise explanation of how Plaintiff failed to exhaust his available administrative remedies. The exhaustion requirement is interpreted strictly; thus, a "prisoner must comply with the specific procedures and deadlines established by the prison's policy." *Pyles v. Nwaobasi*, 829 F.3d 860, 864 (7th Cir. 2016) (citing *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015)). Unexhausted claims are procedurally barred from consideration. *Id.* (See *Woodford v. Ngo*, 548 U.S. 81, 93, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006)).

WHEREFORE, Wexford Defendants pray that this Honorable Court reject the Magistrate Judge's Report and Recommendation (Doc. 127) and rule in favor of Wexford Defendants' and their Motion for Summary Judgment, and for all other relief that may be deemed just and proper.

10239453.3

SANDBERG PHOENIX & von GONTARD P.C.

By: */s/ Kevin K. Peek*
Rodney M. Sharp, #6191776
Kevin Peek, #67440
600 Washington Avenue - 15th Floor
St. Louis, MO  63101-1313
314-231-3332
314-241-7604 (Fax)
rsharp@sandbergphoenix.com
kpeek@sandbergphoenix.com
*Attorneys for Defendant Wexford Health Sources,*
*Inc. and Barbara Rodriguez*

### Certificate of Service

I hereby certify that on this the 10th day of September, 2018 the foregoing was mailed by United States Postal Service to the following non-participant in Electronic Case Filing:

LEGAL MAIL
Dallas McIntosh, #B85114
Pinckneyville Correctional Center
5835 State Route 154
Pinckneyville, IL 62274-3410
*Pro Se*


I further certify that the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

Katherine A. Porter
Email: kap@bhtylaw.com
*Attorneys for Defendants Phillip McLaurin,*
*Richard Watson and St. Clair County*

Timothy P. Dugan
Maxwell D. Huber
tdugan@cassiday.com
mhuber@cassiday.com
*Attorneys for Defendant Nancy Keen, LPN*


*/s/Kevin K. Peek*

10239453.3