SCANNED AT PINCKNEYVILLE CC and E-mailed
12/4/18 by CB 7 pages
date    initials   No.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

DALLAS MCINTOSH, #B-85114
    Plaintiff,

v.    Case No. 17-cv-00103-JPG-DGW

WEXFORD HEALTH SOURCES, INC., et al.
    Defendants,

## PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO FILE NOTICE OF APPEAL

Now COMES the Plaintiff, Dallas McIntosh, pro-se in the above-entitled cause, pursuant to Fed. R. App. P., 4(a)(5), and hereby moves this Honorable Court for a 30-day extension of time within which to timely perfect his appeal of the Court's judgment (at Doc. 135) in this matter. Plaintiff states the following in support thereof:

1) On November 14, 2018, the Court rejected the Magistrate Judge's Report and Recommendations, granted the defendants' motions for summary judgment, dismissed Plaintiff's case without prejudice, and directed the Clerk of Court to enter judgment. (Doc. 134) Accordingly, the Clerk of Court entered the Court's judgment dismissing this action with-

-out prejudice. (Doc. 135)

2) Plaintiff did not actually receive the Court's judgment order until November 19, 2018, whereupon he (1) immediately prevailed upon outside family members and friends to obtain a copy of the transcript of the Evidentiary Hearing that occurred on 8/15/2018, and (2) submitted a request slip to the institutional law library in order to obtain access to his excess legal material containing Plaintiff's entire file in this case. (Note: Due to institutional rules, regulations and restrictions, inmates are only allowed to keep a limited amount of legal material in their cell, which can fit into their small legal boxes, while all other excess legal work must be stored off-site in the law library where it can only be accessed upon receiving a call-pass. At the time at which Plaintiff received the Court's order, his file of this entire case was being stored in such off-site excess legal boxes in order to make space in his cell for other legal work which required his attention while he awaited this Court's review & decision regarding the Evidentiary Hearing.)

3) Yet, it was not until November 26, 2018, that Plaintiff finally received, by mail, the transcripts obtained and sent to him by his family; and it was not until November 30, 2018, that Plaintiff, ~~was~~ pursuant to a call-pass, was able to retrieve his legal file in this case from his excess legal storage. (See "Exhibit A")

4) Now that Plaintiff is in possession of all of the aforementioned

material, he is in the process of reviewing all of the filings in connection with the Defendants' motion for summary judgment, the Court's judgment order, and the transcript of the proceedings, in order to analyze the issues and whether there exists any meritable & appealable issues in this matter.

5) This will take more time than that which remains within the time-period for filing a 'Notice of Appeal', due to the amount of material to be reviewed and the fact that Plaintiff is a pro-se litigant with no legal training and virtually no knowledge of the appellate process — including how to file an appeal, or exactly what issues are appealable, what issues are preserved, or the standard of review for issues appealed to the Seventh Circuit.

6) Furthermore, Plaintiff will need time to obtain a certified trust fund account statement for the past 6 months in order to be able to apply to proceed 'in forma pauperis' in any prospective appeal, as he does not have the means to pay the Appellate Court's filing fee up front. While, Plaintiff has already, repeatedly requested such account statements from this institution and his former institution of Menard Correctional Center (as Plaintiff has not yet been at the current institution for 6-months), to date, Plaintiff has not received the statements. All Plaintiff can do is to keep making requests, as he has absolutely no control over the distribution of account statements by prison business offices.

7) Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, requires that the notice of appeal must be filed within 30 days of the entry of the judgment or order appealed. See Dame v. State of Wisconsin, 137 F.3d 484, 486 n.1 (7th Cir. 1998). However, the District Court may, if an appellant shows good cause or excusable neglect, grant an extension of time of 30 days past the normal appeal period, as long as the motion for an extension of time is filed no later than 30 days after expiration of the normal appeal period. Fed. R. App. P., 4(a)(5); see also Harrison v. Dean Witter Reynolds, Inc., 974 F.2d 873, 886 (7th Cir. 1992).

8) Presently, there only remains 11 days for ~~filing a~~ Plaintiff to file a notice of appeal in the instant matter, at a time when Plaintiff has only most recently been able to obtain all of the information that he needs to begin analyzing the issues presented by the Court's judgment order, and at a time when he is still trying to obtain the trust account statements which he is required to file along with any prospective notice of appeal. Thus, Plaintiff will be irreparably prejudiced by aforementioned time which elapsed between his actual receipt of the Court's judgment order and his subsequent receipt of the documents and transcripts required to analyze his prospects for appeal, unless this Honorable Court grants the relief requested herein.

WHEREFORE, for the good cause shown herein, Plaintiff humbly & respectfully requests that this Honorable Court grant him a 30-

day extension of time to file the notice of appeal in this matter, and for any such further relief that this Court deems just and fair.

Date: December 3, 2018

Respectfully Submitted,
s/ Dallas McI
Dallas McIntosh, #B-85114
Pickneyville Correctional Center
5835 State Route 154
Pickneyville, IL 62274

## CERTIFICATE OF SERVICE

I hereby certify that on December 3, 2018, I placed the foregoing document into the internal mail system at Pickneyville Correctional Center, to be forwarded to the Law Library and electronically filed, using the CM/ECF system, which, in turn, will send a notification and copy of such filing to all counsels of record.

s/ Dallas McI
Dallas McIntosh, #B-85114
(Pro se Plaintiff)

"EXHIBIT A"

```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF ILLINOIS


DALLAS McINTOSH,                  )
                                  )
            Plaintiff,            )
                                  )
   vs.                            ) No. 17-cv-103-JPG-DGW
                                  )
WEXFORD HEALTH SOURCES, INC.,     )
et al.,                           )
                                  ) August 15, 2018
            Defendants.           )


              TRANSCRIPT OF EVIDENTIARY HEARING
          BEFORE THE HONORABLE DONALD G. WILKERSON
              UNITED STATES MAGISTRATE JUDGE

                        APPEARANCES

FOR PLAINTIFF:           Dallas McIntosh, B85114
                         Pinckneyville Corr. Center
                         5835 State Route 154
                         Pinckneyville, IL  62274

FOR DEFENDANTS:          Rodney M. Sharp, Esq.
                         Kevin K. Peek, Esq.
                         Sandberg, Phoenix, et al.
                         600 Washington Ave., 15th Fl.
                         St. Louis, MO  63101-1313
                         (314) 231-3332

                         Maxwell D. Huber, Esq.
                         Cassiday Schade LLP
                         100 N. Broadway, Suite 1580
                         St. Louis, MO  63102
                         (314) 241-1377

REPORTED BY:             Laura A. Esposito, RPR, CRR, CRC
                         Official Court Reporter
                         U.S. District Court
                         750 Missouri Avenue
                         East St. Louis, IL  62201
                         (618) 482-9481
                         Laura_Esposito@ilsd.uscourts.gov

     Proceedings recorded by mechanical stenography;
transcript produced by computer-aided transcription.
```



SCANNED AT PINCKNEYVILLE CC and E-mailed
12/4/18 by CB 7 pages
date   Initials   No.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
prisoner.esl@ilsd.uscourts.gov

ELECTRONIC FILING COVER SHEET

Please complete this form and include it when submitting any type of document, letter, pleading, etc. to the U.S. District Court for the Southern District of Illinois for review and filing.

Name: Dallas McIntosh

ID Number: B-85114

Please answer questions as thoroughly as possible and circle yes or no where indicated.

1. Is this a new civil rights complaint or habeas corpus petition?   Yes or **No**

   If this is a habeas case, please circle the related statute: 28 U.S.C. 2241 or 28 U.S.C. 2254

2. Is this an Amended Complaint or an Amended Habeas Petition?   Yes or **No**

   If yes, please list case number: _____

   If yes, but you do not know the case number mark here: _____

3. Should this document be filed in a pending case?   **Yes** or No

   If yes, please list case number: 17-CV-00103-JPG-DGW

   If yes, but you do not know the case number mark here: _____

4. Please list the total number of pages being transmitted: 7

5. If multiple documents, please identify each document and the number of pages for each document. For example: Motion to Proceed In Forma Pauperis, 6 pages; Complaint, 28 pages.

   Name of Document                                              Number of Pages
   (1) Plaintiff's Motion for an Ext. of Time to File Notice of Appeal...   7

Please note that discovery requests and responses are NOT to be filed, and should be forwarded to the attorney(s) of record. Discovery materials sent to the Court will be returned unfiled.